# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT VANDENBERG,

       Plaintiff,

v.

WELTMAN, WEINBERG & REIS CO., LPA,

       Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Kent County, Plaintiff resides in Kent County, and Defendant transacts business in Kent County.

## PARTIES

4. Plaintiff Robert Vandenberg is a natural person who resides in the Township of Grattan, County of Kent, State of Michigan; is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

5. Plaintiff is a "debtor" as the term is defined by M.C.L. § 445.251(d).

6. Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251.

7. Defendant Weltman, Weinberg & Reis Co., LPA (hereinafter "Defendant" or "WWR") is an Ohio professional corporation with an office at 175 South 3rd Street, Suite 900, Columbus, Ohio 43215, with its registered agent being Eileen M. Bitterman, 965 Keynote Circle, Brooklyn Heights, Ohio 44131.

8. Defendant WWR uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

9. Defendant WWR is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant WWR and its agents are "regulated persons" as that term is defined in the MCPA at M.C.L. § 445.251(g).

11. Defendant WWR is a "regulated person" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

12. At some point around early 2011, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal credit card debt with Citibank NA.

13. Sometime around mid-2011 Plaintiff defaulted on the debt.

14. Sometime after Plaintiff's default, the debt was sold, consigned, placed, assigned, or otherwise transferred to Midland Funding, LLC, for collection from Plaintiff.

15. Sometime after Midland Funding, LLC acquired the debt, Midland Credit Management, Inc., became the servicer of the debt.

16. Midland Credit Management sent notices to Mr. Vandenberg during the period from April of 2013 through October of 2014.

17. Midland Credit Management send a statement to Mr. Vandenberg dated October 31, 2014, stating that Mr. Vandenberg owed $6124.72.

18. Sometime prior to January 28, 2015, the debt was consigned, placed, assigned, or otherwise transferred to Defendant WWR for collection from Plaintiff.

19. Defendant WWR sent a letter to Mr. Vandenberg stating that a lawsuit was being filed against him by Midland Funding, and indicated a current balance, as of January 28, 2015, of $4192.47.

20. On or about January 30, 2015, Defendant filed a civil complaint in the 63rd District Court, seeking damages of $4192.47 plus costs.

21. Defendant WWR later sent Plaintiff a letter dated April 24, 2015, indicating that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

22. Mr. Vandenberg never agreed to a consent judgment or consent journal entry.

23. Defendant WWR's statement regarding a Consent Journal Entry being entered into between WWR and Mr. Vandenberg was false.

24. Defendant WWR's statement relating to an agreement to make monthly payments was false.

25. Defendant WWR's statement that Mr. Vandenberg being "in default of those payment terms" was false.

26. Defendant WWR failed to send Plaintiff the notices required by 15 U.S.C. § 1692g(a)(1)-(5) within five days of the initial communication.

27. At no time did the any communication from Defendant WWR contain the language required by 15 U.S.C. § 1692g(a)(1)-(5).

28. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages in the form of emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendant's acts and omissions.

## TRIAL BY JURY

29. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

32. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means when Defendant WWR sent Plaintiff a letter dated April 24, 2015, indicating that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

33. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when it stated Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court."

34. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when it stated "Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt."

35. Defendant violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt, when it stated "You are now in default of those payment terms."

36. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(3)-(5).

37. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect when it stated Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court."

38. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect when it stated "Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt."

39. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect when it stated "You are now in default of those payment terms."

40. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect by failing to inform the Plaintiff of his rights under 15 U.S.C. § 1692g(a)(3)-(5).

41. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt when Defendant claimed that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court."

42. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt when Defendant

claimed that "Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt."

43. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to attempt to collect a debt when Defendant claimed that "You are now in default of those payment terms."

44. Each violation of the MCPA by the Defendant, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

45. Defendant violated 15 U.S.C. § 1692g(a) by not providing all of the required statutory notices within five days of the initial communication.

46. Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to send a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector within five days of the initial communication with the Plaintiff.

47. Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to send a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such

      verification or judgment will be mailed to the consumer by the debt collector within five days of the initial communication with the Plaintiff.

48. Defendant violated 15 U.S.C. § 1692g(a)(5) by failing to send a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor within five days of the initial communication with the Plaintiff.

49. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L § 445.251 *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MCPA including,

but not limited to, each and every one of the above-cited provisions of the MCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

52. Defendant violated M.C.L. § 445.252(a) by communicating with the Plaintiff in a misleading or deceptive manner by claiming that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

53. Defendant violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim when it stated Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

54. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by claiming that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

55. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(4).

56. Defendant violated M.C.L. § 445.252(f)(ii) by misrepresenting in a communication the legal rights of the Plaintiff by failing to include within five days of the initial communication notices required by 15 U.S.C. § 1692g(a)(5).

57. Defendant violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abusive method(s) to collect a debt claiming that Mr. Vandenberg "…will recall that a Consent Journal Entry was entered into and filed with the Court…. Pursuant to the terms of the Consent Entry, you were to make monthly payments in order to liquidate this debt. You are now in default of those payment terms."

58. Defendant violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent each of the above-listed MCPA violations by Defendant's employees.

59. As a result of Defendant's willful violations of the MCPA, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 445.257; statutory damages in an amount up to $150.00 pursuant to

M.C.L. § 445.257; and, reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257, from Defendant herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

### COUNT II.
### VIOLATIONS OF THE
### MICHIGAN COLLECTION PRACTICES ACT
### M.C.L. § 445.251 *et seq*.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

                                                        Respectfully submitted,

                                                        ROBERT VANDENBERG

Dated: May 27, 2015

                                                      /s/ B. Thomas Golden
                                                      B. Thomas Golden (P70822)
                                                      Golden Law Offices, P.C.
                                                      Attorney for the Plaintiff
                                                      2186 West Main Street
                                                      P.O. Box 9
                                                      Lowell, Michigan 49331
                                                      Telephone: (616) 897-2900
                                                      Facsimile: (616) 897-2907
                                                      btg@bthomasgolden.com